**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 18-1202**

---

MICHAEL LEIBELSON, Administrator of the Estate of Benjamin Leibelson, deceased,

        Plaintiff - Appellee,

        v.

CHRISTOPHER COOK, individually and as a Federal Corrections Officer, FCI Beckley, WV; CAPTAIN DOUGLAS MEYER, Captain (pty), individually and as Captain, FCI Beckley, WV,

        Defendants - Appellants,

and

LOUIS C. EICHENLAUB, individually and as Deputy Director, Federal Bureau of Prisons; JOHN F. CARAWAY, individually and as Regional Director, Mid-Atlantic Region; MARK COLLINS, individually and as Warden, FCI Beckley, West Virginia; JOEL ZIEGLER, individually and as Warden, FCI Beckley, West Virginia; BART MASTERS, individually and as Warden, FCI McDowell, WV; EDWIN K. CAULEY, individually and as Warden, FCI McDowell, WV; ANNEELIZABETH W. CARD, Ph.D., individually and as Chief Psychologist at FCI Beckley, WV; UNIT MGR. F.C.O. BULLOCK, individually and as Federal Corrections Officer, FCI Beckley, WV; DONALD FELTS, Lieutenant, individually and as a Federal Corrections Officer, FCI Beckley, WV; JEREMY JAMES, individually and as a Federal Corrections Officer, FCI Beckley, WV; CHAPEL OFC. J. VANCE, individually and as a Federal Corrections Officer, FCI Beckley, WV; F.C.O. TAYLOR, individually and as a Federal Corrections Officer, FCI Beckley, WV; JOHN DOES 1-3, individually and as Federal Corrections Officers, FCI Beckley, WV; JOHN ROES 1-3, individually and as Federal Corrections Administrative, Director of Management Personnel, FCI Beckley, WV; JANE DOES 1-3, individually and as Federal Corrections Officers, FCI Beckley, WV; JANE ROES 1-3, individually and as Federal Corrections Administrative, Director of Management Personnel, FCI Beckley, WV; CHARLES E. SAMUELS,

JR., individually and as Director, Federal Bureau of Prisons; F.C.O. J. MCMILLION, individually and as a Federal Corrections Officer, FCI Beckley, WV; UNITED STATES OF AMERICA,

Defendants.

------------------------------

RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER,

Amicus Supporting Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:15-cv-12863)

Argued:  December 12, 2018                    Decided:  February 22, 2019

Before KING, KEENAN, and QUATTLEBAUM, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED:**  Andrea Jae Friedman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellants.  Bruce Elliot Fein, FEIN & DELVALLE PLLC, Washington, D.C., for Appellee.  **ON BRIEF:**  Chad A. Readler, Acting Assistant Attorney General, Mary Hampton Mason, Reginald M. Skinner, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael B. Stuart, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellants.  W. Bruce DelValle, FEIN & DELVALLE PLLC, Washington, D.C., for Appellee.  David Shapiro, RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER, Chicago, Illinois; Lee Ann Russo, Kenton J. Skarin, Sarah Gallo, Nicolas Hidalgo, JONES DAY, Chicago, Illinois, for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this interlocutory appeal, we address two rulings by the district court denying qualified immunity to certain federal prison officials: (1) the denial of qualified immunity to the first official, Christopher Cook, who allegedly violated a prisoner's Eighth Amendment right to be free from cruel and unusual punishment by digitally penetrating her rectum during a strip search; and (2) the denial of qualified immunity to the second official, Douglas Meyer, on the ground that he allegedly violated the prisoner's Eighth Amendment rights by failing to ensure that she had safe access to food in the prison dining hall.

We conclude that we lack jurisdiction to consider the district court's decision with respect to Cook, because the district court based its ruling on disputed issues of fact that lie outside the limited scope of our interlocutory review. We also conclude that the district court erred in addressing an Eighth Amendment claim against Meyer when the prisoner, who was represented by counsel, earlier had abandoned that Eighth Amendment claim. In her opposition to Meyer's motion for summary judgment, the prisoner plainly had limited her claim against Meyer to "a single equal protection claim" based on Meyer's "refusal to arrange" separate seating for her in the dining hall based on her "transgender status." Accordingly, we dismiss in part, and vacate in part, the appeal and remand for further proceedings.

I.

We present the facts in the light most favorable to the prisoner, Benjamin Leibelson, as the non-moving party. *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). Leibelson, who identified as a transgender female, was incarcerated in a federal prison facility for men in Beckley, West Virginia from November 2013 through March 2014. The events at issue in this appeal began in February 2014, after Leibelson and her cellmate, who also was her fiancé, were separated and sent to a "special housing unit" (SHU) for failing to obey certain orders given by prison officials. At the time of the infractions, officials also suspected that the two inmates had been engaged in sexual activity in violation of prison policy.

Under prison policy, before entering the SHU, all inmates were subjected to a visual strip search for concealed contraband. During such a search, inmates removed their clothing, lifted their genitalia, and "ben[t] over at the waist and cough[ed]" for a visual inspection by a prison official. Prison official Christopher Cook conducted the strip search of Leibelson, which took place while she was locked in a small cell and while Cook stood outside the cell. During the search, Leibelson alleged that Cook instructed her to "open that hole wide." She stated that Cook reached his hand through a "food tray slot" in the cell door and inserted at least one finger into her rectum for a period of between two and three seconds.

The day after the search, Leibelson was in contact with medical personnel but did not report Cook's conduct or any resulting injuries. About one month after the search, she first reported Cook's conduct to unidentified prison officials. Around that time, she also reported Cook's conduct to two psychologists. Dr. Lynn Abeita, staff psychologist

4

at the facility, sent a memorandum about the reported circumstances of the search to Dr. AnnElizabeth Card, the chief psychologist and Prison Rape Elimination Act (the PREA) compliance manager at the facility. In Dr. Abeita's memorandum, she described Leibelson's allegation that during the search, Cook had patted Leibelson down and touched her rectum "to degrade" her. Separately, Dr. Card attested that Leibelson had reported the incident to Dr. Card and had accused Cook of penetrating her rectum digitally during the search.

After Leibelson's release from the SHU, she began experiencing difficulties in the dining hall. According to Leibelson, various inmates threatened her by suggesting that she must perform sexual acts before they would allow her to sit at a dining hall table. Because of "the dining hall seating situation," Leibelson testified that she was forced to smuggle food out of the dining hall and sometimes went without eating for up to two days.

Leibelson complained orally about this situation to Captain Douglas Meyer, who was the chief correctional services supervisor, and asked him to provide a table for prisoners who self-identified as gay, bisexual, and transgender (GBT). Leibelson told Meyer that "we [GBT inmates] don't have anywhere to eat without, you know, having to submit to doing things that we don't want to do."

As a matter of prison policy, inmates are not segregated in the dining hall. Nonetheless, Meyer responded that he would notify the facility's Special Investigative Service about Leibelson's concern. Thinking that Leibelson's complaints may have

5

implicated the PREA, Meyer forwarded an email from Leibelson about the dining hall situation to Dr. Card, the PREA compliance manager.

Leibelson also submitted written complaints regarding the dining hall to certain prison officials, including the warden. Leibelson's complaints were focused on her request for "a table [specifically] for the Gay-Bisexual-Transgender . . . prisoners," so that they could "sit in the dining-hall without fear of verbal or physical abuse" from heterosexual prisoners. In one written complaint, Leibelson asserted that she "had gone over 24 hours without eating," because she did not have a place to sit in the dining hall without risking being assaulted. In another written complaint, Leibelson alleged that she and other GBT prisoners were verbally abused in the dining hall, "making it impossible to eat in peace." No action was taken on Leibelson's request before her transfer to a different prison facility.

Leibelson later filed suit in the district court against numerous federal prison officials (the defendants) asserting various claims of mistreatment. The only officials at issue in this appeal are Cook and Meyer. In her complaint, Leibelson alleged generally that she was "deprived of food because of the unavailability of adequate seating" based on threats from other inmates. She also described Cook's alleged assault on her during the strip search.

As relevant to this appeal, Leibelson alleged against all named defendants a violation of the Eighth Amendment, based on their deliberate indifference to ensure her health and safety in the prison. Leibelson also alleged against all defendants a violation of her equal protection rights under the Fifth Amendment, asserting that the officials

6

discriminated against her based on her transgender status. These two claims necessarily were predicated on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides an implied cause of action for alleged constitutional violations by federal officials when a court concludes that such a remedy should be extended under the facts and circumstances alleged. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855-58 (2017).

After the defendants filed a motion to dismiss, the district court granted the motion with respect to certain defendants and denied the motion regarding others, including Cook and Meyer. In its ruling, the court observed that while "[d]eprivation of food" constitutes a cognizable claim under the Eighth Amendment, Leibelson "did not specify which Defendants were aware of her inability to access food." The court also observed that Leibelson set forth plausible claims that Cook sexually assaulted her in violation of the Eighth Amendment.

After discovery was completed, Cook and Meyer filed separate motions for summary judgment asserting, among other things, that they were entitled to qualified immunity. The district court denied Cook's request for qualified immunity, holding that the record contained disputed issues of fact regarding whether Cook sexually assaulted Leibelson in violation of her Eighth Amendment rights. Leibelson, who was represented by counsel, submitted a response in opposition to Meyer's motion for summary judgment. In that pleading, Leibelson stated that she was "asserting a *single equal protection claim* against Defendant MEYER: namely, that he refused to arrange for her to

7

sit and eat at the prison chow hall without risk of assault by another inmate because of her transgender status." (Emphasis added.)

The district court granted Meyer's motion for summary judgment on Leibelson's equal protection claim, concluding that Leibelson was not entitled to a *Bivens* remedy on this claim. Leibelson has not challenged that ruling on appeal. The district court next addressed an additional claim, reframing *sua sponte* the right that Leibelson asserted against Meyer. In this reframed inquiry, the court addressed an Eighth Amendment violation arising from Meyer's deliberate indifference to the "deprivation of food" that Leibelson suffered. The court denied Meyer's motion for summary judgment, concluding that Meyer "failed to address [] Leibelson's inability to eat in the dining hall" even though Meyer knew "that Leibelson would either go hungry or face sexual abuse from her fellow inmates." Cook and Meyer later filed this interlocutory appeal, challenging the district court's rulings on the Eighth Amendment claims.[1]

II.

A.

Before addressing the defendants' arguments, we review the legal principles relevant to this appeal. We consider de novo a district court's denial of summary judgment on qualified immunity grounds. *Meyers v. Baltimore County*, 713 F.3d 723,

---

[1] In January 2018, Leibelson died from causes unrelated to the conduct at issue in the present case. On appeal in this Court, Leibelson's father, the administrator of her estate, acts as the plaintiff-appellee.

8

730 (4th Cir. 2013). In conducting this review, we do not weigh the evidence or make credibility determinations. *Wilson v. Prince George's County*, 893 F.3d 213, 218 (4th Cir. 2018).

Qualified immunity is a doctrine that "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To establish entitlement to qualified immunity, an officer must show (1) that the facts, taken in the light most favorable to the plaintiff, do not establish a violation of a constitutional right, or (2) that the alleged right, even if violated, was not "clearly established" at the time of the incident. *See id.* Accordingly, even when the facts in the record establish that the official's conduct violated a plaintiff's constitutional rights, the officer still is entitled to immunity from suit "if a reasonable person in the [officer's] position could have failed to appreciate that his conduct would violate those rights." *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991) (citation and internal quotation marks omitted). With these principles in mind, we turn to consider separately the arguments advanced by Cook and Meyer.

B.

Cook asserts that the district court erred in denying his request for qualified immunity. He contends that he merely conducted a routine strip search of Leibelson, and disputes Leibelson's claims that he committed a "sexual assault." According to Cook, the record at most establishes that during the search, he "briefly" and "incidentally"

9

touched Leibelson's rectum. In Cook's view, Leibelson's reports of his conduct were inconsistent, implausible, and not corroborated by any medical evidence that she suffered an injury. Thus, Cook argues that, as a matter of law, no reasonable juror could find that Cook violated Leibelson's rights.

Leibelson contends in response that we lack jurisdiction to consider this factual dispute. We agree with Leibelson.

Although interlocutory appeals generally are not permitted, we have jurisdiction under the collateral order doctrine to review a district court's interlocutory denial of qualified immunity when the court's denial turned on an issue of law. *Cooper v. Sheehan*, 735 F.3d 153, 157 (4th Cir. 2013); *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that a district court's denial of qualified immunity, "to the extent that [the decision] turns on an issue of law," is an appealable final decision under 28 U.S.C. § 1291). We lack jurisdiction, however, when the district court's decision denying qualified immunity was based on questions of evidentiary sufficiency properly resolved at trial. *Cooper*, 735 F.3d at 157; *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 221-22 (4th Cir. 2012) (en banc); *see also Iko v. Shreve*, 535 F.3d 225, 234-35 (4th Cir. 2008); *Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 229 (4th Cir. 2002) (explaining that courts of appeal lack jurisdiction to consider on an interlocutory basis the denial of qualified immunity when the decision was based on the sufficiency of the evidence as stated by the district court).

In the present case, the district court's decision denying Cook qualified immunity rested on the court's conclusion that a reasonable juror could resolve the factual disputes

10

and credibility determinations in favor of Leibelson, which resolution necessarily would establish a constitutional violation. The court held that Leibelson's deposition testimony and her reports made to Dr. Card constituted sufficient evidence of sexual assault to have that claim resolved by a jury. We decline Cook's invitation to convert the district court's fact-based conclusions into legal error. Leibelson's version of events is not so "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Thus, because the court's conclusion that Cook was not entitled to qualified immunity was based on disputed issues of fact, our review of the district court's judgment necessarily would involve a "factual determination over which we lack jurisdiction at this stage in the litigation." *Iko*, 535 F.3d at 235 (citation omitted). Accordingly, we dismiss Cook's appeal for lack of jurisdiction.[2]

## C.

We next address Meyer's argument that the district court erred in considering whether he violated Leibelson's Eighth Amendment rights after Leibelson abandoned any pursuit of such a claim against him. In response, Leibelson argues that the district court made a factual determination that Meyer's conduct likely amounted to an Eighth Amendment violation based on his alleged deliberate indifference to Leibelson being deprived of food. Leibelson therefore contends that the district court's ruling was a fact-based determination, which we lack jurisdiction to review. We disagree with Leibelson.

---

[2] We observe that the district court did not consider whether Leibelson had a proper *Bivens* remedy with respect to her claim against Cook. Because we dismiss Cook's fact-based appeal, we do not address that question.

11

In its decision, the district court acknowledged Meyer's objection to the court's consideration of an Eighth Amendment claim against him. The court nonetheless concluded that it had an independent duty to evaluate the "legal viability of claims," and that Leibelson's "reliance on misguided or unhelpful legal arguments is not dispositive." Accordingly, the court was not engaged in construing facts when it decided to consider an Eighth Amendment claim against Meyer. We therefore have jurisdiction to review the court's ruling on this issue. *See Cooper*, 735 F.3d at 157.

A plaintiff alleging a claim that a public official's conduct violated her constitutional rights bears the burden to prove the alleged violation. *Bryant v. Muth*, 994 F.2d 1082, 1086 (4th Cir. 1993). "To prevail on a particular theory of liability, a party must present that argument to the district court." *Reaves v. Sec'y, Fla. Dep't of Corrs.*, 872 F.3d 1137, 1149 (11th Cir. 2017). A court's role at the summary judgment stage is to consider all the evidence and to "determine whether issues of material fact exist regarding the plaintiff's asserted causes of action." *Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011). A court should not "act as a plaintiff's lawyer and construct the party's theory of liability." *Id.* Furthermore, when a party abandons a claim or theory of liability in the trial court, the court's role does not include reframing that argument *sua sponte*. *See id.* at 1284.

Here, Leibelson, through her counsel, abandoned any Eighth Amendment claim against Meyer in her pleading opposing summary judgment, and she later confirmed in a joint pretrial proposed order that her single claim against Meyer was based on a violation of her equal protection rights. In the parties' proposed order entered pursuant to Federal

12

Rule of Civil Procedure 26, Leibelson represented that she intended to "show [at trial] that Meyer denied her a separate dining table," which was "necessary to avoid sexual favors demanded" by other inmates, in violation of "the equal protection component of the Fifth Amendment."

Despite these representations by Leibelson describing the discrete legal theory she was advancing against Meyer, the district court improperly repackaged her allegations to revisit an abandoned claim. We therefore conclude that the district court erred in considering an Eighth Amendment claim against Meyer, and we vacate that portion of the court's judgment. And, because the district court granted Meyer's motion for summary judgment on Leibelson's equal protection claim, which Leibelson has not appealed, there are no remaining claims against Meyer in this case.

## III.

For these reasons, we dismiss Cook's appeal for lack of jurisdiction, and we vacate the district court's judgment with respect to its analysis of an Eighth Amendment violation by Meyer. We remand the case to the district court for further proceedings consistent with our decision.

*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*